## Brewer v. Herndon, et al.

(Decided December 16, 1927.)

### Appeal from Leslie Circuit Court.

1. Appeal and Error.—In action on note, in which there was attachment and sale of land, judgment dismissing defendant's counterclaim and cross-petition held final and appealable.

2. Judgment.—Judgment setting aside sale and prior judgment sustaining attachment held erroneously entered on motion to set aside sale, in proceeding for new trial under Civil Code of Practice, sec. 344, or section 518, where party making such motion was not in case, owing to dismissal of counterclaim and cross-petition; he having failed to supersede judgment of dismissal as to him, thereby suspending further proceedings until his appeal from such judgment of dismissal was heard.

C. W. HOSKINS for appellants.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

As originally brought in the Leslie circuit court, this action was filed by appellant and plaintiff below, A. L. Brewer, against the defendants and two of the appellees here, William Garrison and Wilson Morgan, to recover against each of them a judgment for $225, being the amount of a note executed by them to plaintiff. The action was filed on April 14, 1917, and it has passed through a number of Rip Van Winkle experiences, though shorter in duration. Neither the attachment nor the return thereon is contained in the record. Some considerable time after filing the petition, plaintiff amended it, and made J. W. Herndon and one L. M. Collett parties defendant. The latter was summoned as a garnishee upon the filing of the original petition, and the amended petition claimed that he had failed to answer as such, and that Herndon was asserting some kind of title to the attached land, but which plaintiff averred was a fraudulent

one, and prayed that he be required to answer and set up his title, and for judgment against the garnishee, Collett. Herndon answered, claiming that he had purchased the land from Collett, who obtained the equitable title to it under a contract for a deed from defendant, Garrison, before the attachment was issued or levied, and that he had purchased from Garrison the notes of Collett, and in consideration of their surrender to the latter he transferred his title that he obtained from Garrison to Herndon, and he prayed that he be adjudged to own the equitable title to the land, and that plaintiff's attachment be dismissed.

Appropriate pleadings made the issues, and the cause was submitted for trial after Herndon gave his deposition, and the court dismissed his answer, which was also made a counterclaim, and adjudged that the land be sold by the master commissioner as the property of Garrison, and sustained plaintiff's attachment thereon. The master commissioner, who was directed to make the sale, did so, and appellant Chappel became the purchaser of a portion of it for the amount of plaintiff's judgment, interest, and costs. That sale was reported on the 9th day of February, 1921, the judgment of sale having been rendered on the 25th day of November, 1920, and six days thereafter (February 15, 1921) the sale was confirmed, and the purchaser consented to and did pay the purchase money into court, and later received his deed from the master commissioner, and plaintiff's judgment was satisfied out of the purchase price. On the 17th day of February, thereafter, Herndon moved to set aside the commissioner's sale, his report thereof, its confirmation, and deed to purchaser upon various grounds contained therein, none of which appear to be legally sufficient therefor. A response was filed thereto, followed by other pleadings and amended motions, during the more than five years that the cause thereafter pended.

In the meantime Herndon died, and the cause was revived in the name of his heirs, and on the 18th day of November, 1926, the court rendered judgment, not only setting aside the sale and everything that followed, but "swept the platter clean" by also setting aside the judgment sustaining the attachment and directing the sale, and which, as we have seen, was rendered on November 25, 1920, although no motion had ever been made by Herndon, or any one, to set anything aside except the sale. The purchaser, Chappell, prosecutes this appeal

from that judgment. It will be observed, from what has been stated, that there are at least two glaring errors compelling a reversal of the judgment. . . . . . ;

The first one is: That from and after November 25, 1920, when Herndon's counterclaim and cross-petition were dismissed, he was no longer in the case, since the dismissal of his claim of title to the land was a final judgment, and from which he prayed and was granted an appeal to this court. He could have stopped further future proceedings, including the subsequent sale and everything that followed, by superseding the judgment of dismissal as to him, thereby suspending further proceedings to subject the land until his appeal could be heard. He failed to supersede the judgment or to appeal from it, and, unless it was superseded, modified, or set aside in some legal manner, he had no interest in the land, which was the exclusive subject-matter of the litigation. If, however, the method he employed to again come into the case, by filing his motion and amendments thereto, could be treated as a proceeding for a new trial, under either section 344 or 518 of the Civil Code of Practice, it could not and would not avail him or his heirs in this case, because neither his motion nor any amendment thereto complained of the judgment of November 25, 1920, wherein his rights in and to the land were finally adjudged against him.

On the contrary, we repeat, the only relief sought by him in his motion and amendments thereto was the setting aside of the *sale* made by the master commissioner, and, having been previously dismissed from the cause and adjudged to have no interest in the property ordered to be sold, he was no longer interested in its sale, and had no legal standing towards the property, so as to entitle him to except to its sale; his remedy, we repeat, being an appeal to this court.

The other patent error is: That no legal grounds were alleged or proven to authorize the setting aside of the sale, the deed, or any other cancelling order that the court made in the judgment appealed from. But, since the first reason above discussed is decisive of the case as against the appellees, who are the heirs of Herndon, it becomes unnecessary to consider the grounds contained in the motion and amendments thereto, or the evidence in support thereof. . . . . . . . . . . . . . :

For the reasons stated, the judgment is reversed, with directions to set it aside, and to overrule the exceptions, and for proceedings consistent with this opinion.